### HUNNICUTT *vs.* SUMMEY.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as court of impeachment, did not sit in this case.]

1. A homestead in the undivided half of real estate belonging to a firm may be set apart to the wife of one of the partners, the husband not applying therefor himself, but consenting to the wife's application, and such homestead will be valid against general creditors of the firm.
2. If the partnership was formed prior to the constitution of 1868, such homestead will not be valid against the other partner's objecting thereto for balances due him on account of the transactions of the firm ; but before the creditor can be subrogated to the rights of the other partner, he must make, by his pleadings, such a case as will entitle him in equity to be so subrogated.

Homestead. Partnership. Debtor and creditor. Subrogation. Before Judge ERWIN. Clark Superior Court. May Term, 1879.

Reported in the opinion.

L. & H. COBB, for plaintiff in error.

S. P. THURMOND, by brief, for defendant.

JACKSON, Justice.

Hunnicutt held a judgment on Summey & Newton, on which execution was issued and levied on a house and lot claimed by Mrs. Summey, who took homestead therein. The jury found the property not subject, a motion for a new trial

was made and overruled, and the plaintiff in execution excepted.

1. The homestead was set apart at the instance of Mrs. Summey, out of Summey's individual half of the partnership property, and one question made in the record for review is, can this be done? In *Harris et al. vs. Visscher et al.*, 57 *Ga.*, 229, it was held that where the realty had been divided by the partners, either or each could take a homestead out of his own divided part, and that the homestead so set apart would be good against general creditors whose debts were created since the adoption of the constitution of 1868. If the husband decline, the wife may take homestead. Code, §2022. But this property in the case now before us, is undivided, and was so when the homestead was set apart, and it is argued, with great earnestness and force, that this makes a difference. Yet when we look at the broad provision of the constitution of 1868, on homestead rights in property, we cannot see that the fact that one is tenant in common with another will prevent him from taking homestead out of his individual half of the joint property. Code, §5135. That provision seems to grasp all property, real and personal, within its wide arms as subject to homestead and exemption; and the legislature is required to enact laws to reach all species of property, so as to have families provided for after the wrecks which the late war scattered everywhere over southern society. We think, therefore, that Mrs. Summey could have her homestead set apart out of her husband's undivided half of the realty of this firm.

2. But in *Harris vs. Visscher* it was held that such homestead would be good only against debts made since the constitution of 1868 went into operation. If, therefore, this partnership between Newton & Summey was formed prior to that date, Summey could not, as against Newton, have homestead set apart; because the contract between them, out of which debts of one to the other sprang, was made before there was any right to have any such homestead

at all; and good faith between the partners required that neither should use the firm assets in such manner as to make the other bear the entire burden of the common indebtedness.   Code, §§1303, 3177; Story on Part., 232,233, 344, 172, 97, 326, 328, 407, 91-2-3-4-8.

As between the partners and debts due to each other from the partnership business, the indebtedness will take date from the time the partnership was formed, and not the time when any accounting was had between them; and a homestead set apart for the wife must yield to such a liability to the partner.   *VanDyke vs. Kilgo*, 54 *Ga.*, 551.

If, therefore, this were a contest between Newton and Summey, and the partnership was formed prior to 1868, the date of the adoption of that constitution, any claim which Newton had for balances due him would date before the adoption of that constitution, and the homestead would be subject to pay it.

Is this creditor subrogated to Newton's rights?   That must depend upon the case he makes.   He must show, by pleading and proof, that he cannot make his money out of other effects of the partnership or out of Newton, or he must show other circumstances entitling him in equity to be subrogated to Newton's rights.   That has not been done in this case, and therefore the judgment is affirmed.

Judgment affirmed.