BLANCHARD, WILLIAMS & COMPANY *vs.* PASCHAL.

1. A partner may have an exemption set apart out of partnership property. The assets of a partnership belong to the individuals composing the firm. The partnership is not a separate entity whose debts must be paid before the members have title to the property.

(*a.*) That a severance of the partnership property was made after levy by a creditor of the firm, and one member then applied for an exemption out of the part taken by him, did not affect his right to an exemption.

2. That all the partners in a firm had withdrawn their capital did not *ipso facto*, take away the right of one of them to a homestead. Fraud must enter into the transaction to effect that result.

3, 4. One of the issues on an application for homestead being whether the applicant had made a full and fair disclosure of all his property, and it appearing that a firm of which he was a member, and from whose assets he sought to have the exemption made, had shortly before been in possession of a large amount of property or money, the burden was on the applicant to account for it.

Homestead. Partnership. Levy and Sale. Fraud. Before Judge WIMBERLY. Talbot Superior Court. September Term, 1880.

Paschal was a member of the firm of Paschal & Heidingsfelder. Blanchard, Williams & Company were judgment creditors of the firm. Their *fi. fa.* was levied on the stock of goods belonging to the firm, and the sheriff took possession. The partners then took a list of the goods, and each selected certain goods as his and relinquished to the other his interest in the balance. Paschal thereupon applied for homestead and exemption out of the goods falling to his share and other property. Blanchard, Williams & Company objected. The ordinary granted the application, and the case was appealed. The jury found for the applicant. The objectors moved for a new trial, which was refused, and they excepted.

For the other facts see the decision.

PEABODY & BRANNON, for plaintiffs in error.

WILLIS & WILLIS, for defendant.

CRAWFORD, Justice.

W. O. Paschal, of the firm of Paschal & Heidingsfelder, filed his petition and schedule for homestead and exemption. Blanchard, Williams & Company, creditors, objected to the schedule, and disputed the value of the personalty. Upon the trial of the case in the superior court, to which it had been appealed, the jury rendered a verdict for Paschal. Blanchard, Williams & Company made a motion for a new trial, which was overruled, and they excepted.

1. The questions made by the record are, first, whether, if a portion of the personal property included in the schedule of applicant belonged to the firm of Paschal & Heidingsfelder at the time the same was levied upon, and no severance had been made by the partners at that time, he was entitled to an exemption in such portion?

This exact question has never been ruled by this court. In 57 *Ga.*, 229, it was held, where each partner had applied for a homestead in partnership land, the same being assigned to them severally in separate parcels, a prior creditor, on reducing the debt to judgment, could not enforce the judgment over the homestead right.

In 59 *Ga.*, 397, an injunction was refused to a partner who sought to enjoin the wife of another member of the firm from taking homestead in the partnership land, on the ground that the property was partnership property, and needed to pay partnership liabilities.

Again, it was ruled in 63 *Ga.*, 586, that a homestead in the undivided half of the real estate belonging to a firm may be set apart to the wife of one the partners, and such homestead will be valid against general creditors of the firm.

In the first case cited there had been a partition of the lands by the partners, between themselves, before the judgment. In the second case, where the injunction was refused, the homestead had been set apart out of the undivided half of the premises. In the third case it was also

set apart out of the undivided half of the real estate be-
longing to the partnership.

In the case before us it was after the levy that the set-
tlement or severance was had by the partners, and it is
claimed that it was then too late for any act' of the part-
ners to affect the rights of creditors, or to authorize the
exemption, even if the right existed before the judgment,
until after the partnership debts had been paid.

The theory of the plaintiff in error is that the partner-
ship property must go to the payment of the partnership
debts, before any individual interest can exist, whereas,
in fact and in law, the individual members of the firm
are the real owners of the partnership property.  And
although the law directs how debts shall be paid, it never
loses sight of the fact that a partnership is made up of
individuals who own the assets.  It is nevertheless true,
that in the absence of any legal provision giving a differ-
ent direction to the disposition of the assets of a firm,
they would have to be paid out as claimed.  But here is
interposed between this disposition of the property which
an individual may have in a partnership, another overrid-
ing and superior right thereto, which no court or ministe-
rial officer can disregard, and no officer has the jurisdiction
or authority to seize or sell, except for certain specified
debts, in which partnership debts are not included.

Unless, therefore, partnership property is to be appro-
priated to partnership debts, regardless of all individual
rights, then whether the same was levied upon or not is
wholly immaterial, as the judgment and levy can give the
creditors no higher right as against an exemption and
homestead than they had before.

Any other construction of the constitutional provision,
and the laws passed in pursuance thereof, would be to put
partnership debts upon a higher footing than individual
debts, and on the same level with those excepted in the
constitution, as well as to deny the right of homestead
and exemption to possibly one-fifth of the heads of fami-
lies in the state, and who happen to be engaged in part

nership pursuits. And the constitution, in effect, would then be made to read, that each head of a family in this state shall be entitled to an exemption of personalty, and a homestead of realty, except partners, and they shall be excluded until they pay off and discharge all their partnership liabilities.

2. The second ground of error alleged is the refusal of the court to charge the jury that if, when the application was made, each of the partners had withdrawn all their capital from the firm, then the applicant was not entitled to exemption.

We do not think that this charge should have been given just as requested, for the partners might have withdrawn their capital without its being done fraudulently, and if so, such withdrawal should not have denied to the applicant the right to an exemption.

3, 4. The third ground of error was the refusal of the court to charge the jury, that, if a short time before the application, it appeared that the firm had a large amount of property or money on hand, then the burden was on the applicant to account for it.

It appears to us that this was a very proper request in view of the testimony, and should have been given. All applicants for personal exemption should come into court ready and willing to account for any large amount of property or money which they may have had only a short time before the application. That is to say, when one of the issues is, that a full and fair disclosure of the personal assets of the applicant has not been made, and the creditors show that the applicant did have a large amount of property or money on hand, so immediately before the application as to create the presumption of the concealment or withholding of such property, then that presumption ought to be rebutted. To require the creditors to show assets at the very time of the application would be too narrow a view of the law. But we do not mean to say that any expenditure, though recklessly or improperly made, pro-

vided not done so as to reserve the same in some way for himself or family, would defeat the homestead and exemption right.    Code, §2005.

On the fourth ground we think that the charge was too sharply limited to the exact time of the application, in making a full and fair disclosure of the assets, under the testimony which had been submitted, and the reasons for which are the same as contained in the last ground considered.

The remaining grounds rest upon the evidence, and if there were no legal error in the manner in which the case was submitted to the jury, the verdict would have to stand, but as we hold that there was, we express no opinion.

Judgment reversed.

SPEER, Justice, concurred on the question of partnership on the ground of *stare decisis*, but not as an original proposition.