## In re NOVAK et al.

(District Court, D. South Dakota. February 8, 1907.)

BANKRUPTCY—EXEMPTION TO PARTNERSHIP—SOUTH DAKOTA STATUTE.

 The provision of Code Civ. Proc. S. D. 1903, § 363. that, "except those made absolute, the exemptions herein provided for must not be construed to apply to the following persons, namely: * * * (5) A partnership firm can claim but one exemption of $750 in value * * * out of the partnership property, and not a several exemption for each partner"—has no force of itself to create an exemption in favor of a partnership; and, since the "exemptions herein provided for" and specified in section 346 are expressly limited to a debtor who is the head of a family and a single person who is not the head of a family, said subdivision 5 is wholly inoperative and void, being merely a re-enactment of an old statute originally enacted when the right of exemption was given to all debtors, and under said Code a bankrupt partnership is not entitled to claim an exemption.

In Bankruptcy. On review of an order made by Henry A. Muller, Esq., referee in bankruptcy, November 26, 1906, commanding the trustee in the above proceeding to set aside to the copartnership of Novak & Kostel $750 as partnership exemption.

Robert F. Riemer, in pro. per.
Bates & Parliman, for bankrupts.

CARLAND, District Judge. On the 26th day of November, 1906. Henry A. Muller, Esq., referee in bankruptcy, made an order in the above-entitled matter commanding the trustee therein, Robert F. Riemer, to set apart to the copartnership of Novak & Kostel $750 in money as a partnership exemption. The trustee, feeling aggrieved by said order, petitioned the referee to certify the question as to whether said Novak & Kostel were entitled to a copartnership exemption to this court for review. Upon this petition the referee has certified the question.

In the view the court takes of the matter certified, it is not necessary

to consider the question as to whether the Legislature of the state of South Dakota has the power to grant exemption rights to a partnership as a legal entity, in view of section 4 of article 21 of the state Constitution. Whatever may be the power of the Legislature in this regard, it has never exercised it. In the case of In re Lentz et al. (D. C.) 97 Fed. 486, which was decided November 13, 1899, this court had occasion to pass upon the question as to whether a copartnership as a legal entity was entitled to an exemption under the laws of South Dakota as they then existed, and the conclusion was reached that no exemption existed. One of the grounds upon which the judgment of the court was based was that by chapter 86, p. 200, Sess. Laws 1890, additional exemptions were limited to a debtor who is the head of a family and to single persons not the head of a family, and that therefore there was no law granting to a copartnership an exemption. This court, in the decision referred to, used the following language:

"The language quoted from section 333, Code Civ. Proc., does not itself give a partnership firm exemption, but was simply meant to limit the construction that might be placed upon the word 'debtor' in section 324 before it was amended. When section 324 was amended, so as to bring it into harmony with the Constitution, and specifically named the persons who should be entitled to the exemptions therein mentioned, the language quoted from section 333 became wholly meaningless, and, of no force, and inconsistent with section 324 as amended. In my opinion, the exemptions allowed by the laws of South Dakota can be claimed only by the head of a family, or a single person not the head of a family."

No legislation has been enacted by the Legislature of the state of South Dakota since the decision in Re Lentz et al., except as follows: In 1903 what is known as the Revised Codes of South Dakota were passed, and became effective July 1st of that year. Section 363 of the Code of Civil Procedure of 1903 is as follows:

"Except those made absolute, the exemptions herein provided for must not be construed to apply to the following persons, namely: (1) To a corporation for profit. (2) To a non-resident. (3) To a debtor who is in the act of removing with his family from the state; or (4) who has absconded, taking with him his family. (5) A partnership firm can claim but one exemption of seven hundred and fifty dollars in value, or the alternative property, when so applicable, instead thereof, out of the partnership property, and not a several exemption for each partner."

This section re-enacted section 333 of the old Code of Civil Procedure, also known as section 5138 of the Compiled Laws of Dakota. The only change made in the section was in regard to the amount of the exemption in subdivision 5. By section 363 the amount of the exemption in subdivision 5 was changed from $1,500 to $750. The re-enactment of section 333 of the Code of Civil Procedure (Comp. Laws 1887, § 5138) in the language found therein was a very careless piece of legislation. For instance, section 363 provides that, except as to those made absolute, the exemptions provided by section 346 of the Code of Civil Procedure of 1903 shall not be construed to apply to a corporation for profit. Why should the Legislature deem it necessary to declare that section 346 did not include a corporation for profit, when by the terms of the section referred to the exemptions therein granted are limited to two classes of debtors, namely, a debtor who is the head

of a family and a single person who is not the head of a family? It is clear that section 363 was enacted with no intelligent appreciation of the law to which it refers. The language contained in section 363 when it was known as section 333 of the old Code of Civil Procedure, or as section 5138 of the Compiled Laws of Dakota of 1887, and prior to the enactment of chapter 86, p. 200, Sess. Laws 1890, performed in all its parts some office, for the reason that exemptions were then given to debtors generally, and section 333, Code Civ. Proc. (Comp. Laws 1887, § 5138), limited the operation of the word "debtor"; but when, by chapter 86, p. 200, Sess. Laws 1890, and by section 346 of the Code of Civil Procedure of 1903, exemptions were limited to a debtor who was the head of a family and to single persons who were not the head of a family, all of section 333, old Code of Civil Procedure (Comp. Laws 1887, § 5138), became inoperative, except subdivisions 2, 3, and 4. As was said in the case of In re Lentz, supra, subdivision 5 simply limited the scope and effect of the word "debtor" as used in the old exemption laws, and had no force in itself to create a partnership exemption. A partnership, being a debtor, under the old law was entitled to an exemption; but subdivision 5 declared that this exemption could only be claimed by the partnership itself, and that there could not be a several exemption for each partner. Section 346 of the Revised Codes of 1903, under which the bankrupt must claim a copartnership exemption, if at all, does not give an exemption to a partnership; nor can any law be found giving a partnership exemption since the enactment of chapter 86, p. 200, Sess. Laws 1890. Subdivision 5 of section 363 of the Code of Civil Procedure of 1903 does not give a partnership exemption, nor did the language of said subdivision give such exemption when used as a part of section 333 of the old Code of Civil Procedure (Comp. Laws 1887, § 5138). The partnership exemption was given by the old law when it conferred the right of exemptions upon all debtors, and the office performed by subdivision 5 under the section last mentioned was to limit the exemption rights given by the old law to one exemption for the firm; and when the Legislature re-enacted the language found in subdivision 5, and made it subdivision 5 of section 363 of the Code of Civil Procedure of 1903, simply changing the amount of the exemption, no partnership exemption was given. The subdivision as it now stands is wholly inoperative, for the reason that it has no law granting the partnership exemption upon which it can operate. This is made clear, not only by a consideration of section 346 of the Code of Civil Procedure of 1903, but also by the consideration of the words "the exemptions herein provided for," found in section 363, Code Civ. Proc. 1903. The "exemptions herein provided for" are the exemptions contained in section 346, and section 346 does not give a partnership exemption; so that it is clear that subdivision 5 of section 363, as it now stands, is inoperative and void.

The laws of South Dakota not having given a partnership exemption, the order of the referee complained of is erroneous, and must be vacated and set aside.