## In re ABRAMS.

(District Court. D. South Dakota, N. D. February 9, 1912.)

No. 469.

1. BANKRUPTCY (§ 397*)—EXEMPTIONS—PARTNERSHIP ASSETS.

Where there is no transfer of partnership property, but mere abandonment by one partner of his interest, an exemption will not be allowed out of the partnership assets to the other partner.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 397.*]

2. BANKRUPTCY (§ 351*)—PARTNERSHIP PROPERTY—LIEN OF CREDITORS.

Under the express terms of Bankr. Act July 1, 1898, c. 541, § 5f, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424), partnership creditors have a lien upon partnership property for the payment of partnership debts.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 351.*]

3. BANKRUPTCY (§ 183*)—PARTNERSHIP—PRETENDED DISSOLUTION—EFFECT.

A pretended dissolution of a partnership, with fraudulent intent to place the continuing partner so that he could claim individual exemptions in bankruptcy from the firm assets, is ineffectual as against partnership creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 282; Dec. Dig. § 183.*]

4. EXEMPTIONS (§ 61*)—PARTNERSHIP—STATUTES—VALIDITY.

Code Civ. Proc. S. D. § 363, subd. 5, providing that a partnership can claim but one exemption, and not a several exemption for each partner, is inoperative, since there is no law granting partnership exemptions upon which it can operate.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 83–87; Dec. Dig. § 61.*]

In the matter of Sidney Abrams, bankrupt. On review of a decision of the referee disallowing exemptions. Affirmed.

Hazle & Huntington, for bankrupt.
A. W. Campbell, for trustee.

ELLIOTT, District Judge.   On the 26th day of' December, A. D. 1911, Charles N. Harris, Esq., referee in bankruptcy, made an order in the above-entitled matter, denying the bankrupt's claim to exemptions, and further decreeing that the property claimed by said bankrupt be and remain the property of the estate in bankruptcy, to be disposed of as part of the assets of said estate, and the proceeds thereof distributed for the creditors of said bankrupt.   The bankrupt thereupon petitioned the referee to certify the question as to whether said Sidney Abrams was entitled to the exemptions claimed by him in this proceeding.

The court finds from the record herein that the said Sidney Abrams and Henry Friedlander entered into a partnership about January 1, 1911, at Aberdeen, Brown county, S. D., under the name of the 'Palace Clothing Company.   It appears from the evidence that in the month of August, 1911, this partnership was insolvent.   It further appears that Friedlander was not a resident of Brown county, or of the state of South Dakota.   It further appeared that they went through the form of a dissolution of the partnership, the bankrupt, Sidney Abrams, keeping possession of all the partnership property excepting a lease, that the record shows had no value; and the referee finds in his certificate of facts that this dissolution—

"was an attempted dissolution or abandonment of the partnership property, with the sole purpose and object of placing the bankrupt partner, who subsequently filed a voluntary petition in bankruptcy, in a position to claim his individual exemptions from the stock of merchandise purchased by and owned and operated by the bankrupts as a partnership, to within some three weeks of the time of the filing of the voluntary petition of the bankrupt herein."

I find, upon careful consideration, that the testimony, with the reasonable inferences to be drawn therefrom, sustain the foregoing finding of the referee.   This court finds that the fact that this partnership was insolvent was known to both of the partners in August, at the time the dissolution was made; that the bankrupt took the stock of merchandise, and Friedlander received and kept no part of the partnership property, except the lease of certain real estate in Aberdeen, S. D., which had no value; that Friedlander came to Aberdeen on the 26th day of August, for the purpose of "turning the business over to the creditors"; that all of the partnership goods, including those claimed by Abrams as exempt, were purchased by the firm of Friedlander & Abrams on the credit of the firm; that the debts due and owing by the bankrupt, as shown by his schedules, were the firm debts of said partnership.

[1] The first question that is presented by the foregoing record is:   Was there an abandonment of the partnership property on the part of Friedlander for the purpose of turning this property over to the creditors of the firm, or was there a dissolution of the partnership and an abandonment by Friedlander, for the purpose of placing his copartner, Sidney Abrams, the bankrupt, in a position to claim his individual exemptions?   In the judgment of the court it is immaterial which of the two purposes Henry Friedlander had in view when the partnership was dissolved in August, 1911.   It is sufficient that there

is a finding that the partnership was insolvent, and that the partners knew it, and that it was the purpose of Friedlander to abandon the estate to his creditors, without a finding that he intended to place his copartner, Sidney Abrams, the bankrupt, in a position to claim his individual exemptions out of the partnership property. Where there is no transfer of the partnership property, but a mere abandonment by one partner of his interest, an exemption will not be allowed out of the partnership assets to the other member of the firm. Collier on Bankruptcy, 158.

[2] Partnership creditors have a lien, in equity, upon partnership property for the payment of the partnership debts. Washburn v. Bank, 19 Vt. 278. This right is expressly provided for in the bankrupt law (chapter 541, subc. 3, § 5f). Partners in an insolvent partnership have no interests of their own in the partnership property, but the whole is subject to the lien of the partnership creditors. There is nothing in the partnership property of such a partnership out of which the surviving partner is entitled to any exemptions. In re Mosier (D. C. Vt.) 112 Fed. 139.

[3] The intent, as the referee finds, of the bankrupt and his partner to dissolve the partnership with the "sole purpose and object of placing the bankrupt partner * * * in a position to claim his individual exemptions from the stock of merchandise purchased * * * by the bankrupts," would amount to a fraud that would not only bring it within the rule of the above decisions, but the mere statement of this finding makes the dissolution only a pretended dissolution, and as against the creditors of said firm such an intent and purpose could pass no ownership to the partnership property to the bankrupt.

[4] There is only one further proposition here for review, viz.: Under the statutes of South Dakota, has a partnership a right to exemptions? Under the statutes of South Dakota, as they existed in A. D. 1899, this question was answered in the negative; it being there settled for this court that:

"In case of the bankruptcy of a partnership, neither member of the firm can claim any portion of the firm property to be set apart to him as his individual exemptions." In re Lentz et al. (D. C.) 97 Fed. 486.

It was thereafter contended that the re-enactment in the revision of the laws of the state of South Dakota in A. D. 1903, in which section 363 of the old Code of Civil Procedure was brought forward into the Revised Code of 1903, operated to extend the exemptions to a partnership, and the question was discussed and again determined by this court in the negative, holding that subdivision 5 of said section 363, as re-enacted in the Revised Statutes of A. D. 1903, is wholly inoperative, for the reason that it has no law granting partnership exemptions upon which it can operate. In re Novak et al. (D. C.) 150 Fed. 602.

Upon this record it seems very clear to the court that no error was committed by the referee, and an order should therefore be entered, in all things affirming the order of December 26, A. D. 1911, brought here for review.