### In re I. S. VICKERMAN & CO. et al.

(District Court, D. South Dakota, C. D.    October 12, 1912.)

1. BANKRUPTCY (§ 397*)—PARTNERSHIP.

In South Dakota, in case of the bankruptcy of a partnership, no member of the firm can claim any portion of the firm property as an individual exemption, nor has the partnership a right to exemptions as a separate entity.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 678; Dec. Dig. § 397.*]

2. BANKRUPTCY (§ 189*)—LIEN CREDITOR—INVALID LIEN—EXEMPTIONS.

Where a creditor of a bankrupt firm had a lien, which was invalid as to the firm's general creditors, but was valid as between the creditor

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and the firm and its individual partners, such creditor was not entitled to enforce the same against exemptions; neither the partners nor the firm being entitled to exemptions under the South Dakota law.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 286–289, 291–295; Dec. Dig. § 189.*]

In Bankruptcy. In the matter of bankruptcy proceedings of I. S. Vickerman & Co., a copartnership, and Charles H. Vickerman and Irma S. Vickerman as individuals. On review of a decision of a referee allowing exemptions to the firm out of the partnership property, and directing a sale and proceeds applied to the satisfaction of the debt of an alleged lien creditor. Order affirmed so far as it provides for a sale of the property, and reversed so far as it provides for application to the debt of the lien creditor.

Philip & Waggoner, of Pierre, S. D., for bankrupt.
Gaffy, Stephens & Fuller, of Pierre, S. D., for creditor.

ELLIOTT, District Judge. The trustee herein set apart to the said bankrupts, copartners, items aggregating $750 and $250, respectively, as selected from the stock of merchandise of the firm, and thereupon H. E. Dorothy, one of the creditors, filed exceptions thereto in writing, and subsequently such exceptions, as amended, were heard by the referee and submitted to him for his decision.

The record discloses, beyond controversy, that the bankrupts above named were partners, doing business as I. S. Vickerman & Co.; that on the 11th day of May, 1912, the trustee filed his report, setting aside exemptions to Charles H. Vickerman, a member of said firm, items aggregating $750 and $250, respectively, "as selected from the stock of merchandise described in the schedules." It further appears that the stock of merchandise described in the schedules was the property of the insolvent copartnership; and the referee also found, as a matter of law, in effect, that the said bankrupt was entitled to claim said exemptions, but that a certain contract had been executed by the bankrupts, with one of their creditors, H. E. Dorothy, constituting a purchase-money lien upon the stock (which had theretofore been held void as to creditors of the bankrupt by this court), and that by reason of said contract and lien, the referee holding the contract and lien valid as between the original parties to the contract, the said bankrupts lost their right as against said creditor to claim from the said stock of merchandise the said exemptions, and hold same, or any part thereof, and that the claim for exemption inured to the benefit of said creditor holding such lien, and thereupon it was ordered by the referee that the report of the trustee, setting apart exemptions of the bankrupts, be and the same was set aside, and the trustee was by said order directed to sell the articles so selected from the said stock of merchandise, and set apart by the trustee as exempt, and, after paying the costs of sale, to apply the balance left to the payment of the claim of H. E. Dorothy, said lien creditor. Exceptions to said order were filed by the petitioners herein.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] Upon the face of this record the first question that is presented for determination is: Has a partnership a right to exemptions under the statutes of South Dakota? This question was answered in the negative, in Re Lentz et al. (D. C.) 97 Fed. 486. The question was there settled for this jurisdiction, considering only the statutes of this state as they existed in A. D. 1899. The court said:

"In case of the bankruptcy of a partnership, neither member of the firm can claim any portion of the firm property to be set apart to him as his individual exemptions."

Counsel refer to section 363 of the Code of Civil Procedure of this state, as it is found in the Revised Code of 1903. This court, Hon. John E. Carland, then Judge thereof, in Re Novak et al., 150 Fed. 602, considered this question, and it was there determined that:

"Subdivision 5, § 363, of the Code of Civil Procedure of 1903, does not give a partnership exemptions, nor did the language of said subdivision give such exemptions when used as a part of section 333 of the old Code of Civil Procedure. Comp. Laws 1887, § 5138. And when the Legislature re-enacted the language found in subdivision 5, and made it subdivision 5 of section 363 of the Code of Civil Procedure of 1903, simply changing the amount of exemptions, no partnership exemption was given."

Under this interpretation of the statutes of the state of South Dakota, this subdivision 5 of section 363 of the Code of Civil Procedure of 1903 is inoperative, for the reason *that it does not grant an exemption* to a partnership, and it has no law granting the partnership exemption upon which it can operate, for the reasons fully set forth in Re Novak et al., supra. The question of the right of a partnership, or either member of a partnership, to exemptions under subdivision 5 of section 363 of the Code of Civil Procedure, Revised Code of 1903, was denied by this court in Re Abrams, 193 Fed. 271.

[2] This view of this statute eliminated entirely the rights of this lien creditor, H. E. Dorothy, because his right to the proceeds of the sale of said exemptions was dependent upon the claim upon his part that the bankrupt was entitled to exemptions, thus depriving general creditors of the benefit of sharing therein, and further insisting that the lien of said creditor upon said goods was, as between the parties to said contract, superior to the right of possession by the bankrupts as exempt property.

The contract under which said creditor, Dorothy, is claiming has heretofore in this action been held void as to the creditors of said bankrupts, and it follows that the trustee should have administered this estate, including the property set aside as exempt, and which is in controversy herein, for the benefit of all of the creditors of said bankrupts. The action of the trustee herein, setting aside exemptions to this partnership, or a member of this partnership, selected by one of the partners out of the partnership property, was erroneous.

The order of the referee, dated June 15, 1912, so far as it directed the trustee herein to sell the personal property claimed by the bankrupts, and theretofore set aside to them by said trustee, as their ex-

emptions, was correct, for the reason that said bankrupt, and *neither of them, was entitled to exemption out of the partnership property,* and to that extent, and for that reason, should be affirmed.

That portion of the order, however, that directed the application of the proceeds from said sale to the payment of the claim of said H. E. Dorothy, is erroneous. The referee should have directed that the proceeds of the sale of such property be applied to the payment of the claims against the said estate, as other assets of said estate.

Let an order be entered affirming the action of the referee in directing the trustee to sell the property claimed as exempt by said bankrupts.

Let said order further specifically direct that the net proceeds thereof be applied pro rata to the payment of the claims of all creditors.