## In re DEADWILER & FORTSON.

(District Court, N. D. Georgia.   November 15, 1923.)

No. 1515.

1. **Homestead ⊙⊷1.8, 85—Under Constitution and laws of Georgia, allowable to head of family only, and not to partnership.**

Under Const. Ga. art. 9, § 1, par. 1, and the laws of Georgia, a homestead is allowable only to a "head of a family," and not to an aggregation of persons such as a partnership, but the exemption may be claimed out of an interest in undivided partnership property.

2. **Bankruptcy ⊙⊷396(5)—Homestead allowed bankrupt, if entitled to one under state law.**

The bankruptcy court sets aside a homestead to the bankrupt, if he is entitled to one under state law.

3. **Bankruptcy ⊙⊷397—Partner must submit individual estate to bankruptcy, to be entitled to homestead out of bankrupt partnership assets.**

If a partner, as an individual, wishes to claim his individual homestead right in a bankrupt partnership's property, he must submit his individual estate to bankruptcy.

4. **Bankruptcy ⊙⊷397—Individual partner's homestead exemption borne equally by his partnership and individual estates.**

Though, under Bankruptcy Act (Comp. St. §§ 9585–9656) and Civ. Code Ga. 1910, § 4602, partnership and individual assets are substantially separate funds for administration, it is the law of Georgia that a partner has a right to a homestead out of his interest in the firm assets superior to the firm and individual creditors, which right is unaffected by the Bankruptcy Act, but the burden must be borne proportionally by the two funds, and, if more than the proper share is taken from one fund, the funds should be marshaled for contribution before distribution to firm and individual creditors.

5. **Homestead ⊙⊷167—Not defeated by assignment.**

The assignment of the homestead does not defeat it.

6. **Bankruptcy ⊙⊷399(3)—Omission to schedule watch held not fraud, defeating homestead exemption.**

Bankrupt's omission to schedule a watch and other articles among his assets *held* not such a fraud and concealment as to defeat his homestead exemption.

In Bankruptcy.   In the matter of Deadwiler & Fortson, bankrupts. On review of order of referee allowing homestead exemptions. Affirmed in part, and reversed in part, without prejudice.

S. C. Upson, of Athens, Ga., for bankrupt.
Erwin, Erwin & Nix, of Athens, Ga., for creditors.

SIBLEY, District Judge.   L. Deadwiler was adjudicated a voluntary bankrupt, and shortly afterwards the partnership, Deadwiler & Fortson, of which he was a member, was adjudicated an involuntary bankrupt.   The other partner, L. N. Fortson, being mainly engaged in the tillage of the soil, was not adjudicated.   Each partner claimed a homestead out of the firm assets, and was allowed it by the trustee and referee, though each had some individual estate.   The judgment of the referee allowing the homesteads is under review; the questions made being:   (1) Could Fortson, not being individually a bankrupt, be al-

⊙⊷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

IN RE DEADWILER & FORTSON     763

lowed a homestead by the bankruptcy court? (2) Can either partner have a homestead out of the partnership assets before exhausting his individual estate? (3) Was the homestead defeated by an assignment of it by the homesteader? (4) Was the omission to schedule a watch and some other articles such a fraud as to defeat the homestead?

[1-3] The homestead allowed by the Georgia Constitution (Const. art. 9, § 1, par. 1) is to persons filling the description "head of a family," etc., and not an aggregation of persons such as a partnership. A homestead, under the state law, is allowable only to such a person, though he may claim it out of his interest in undivided partnership property. Blanchard v. Paschal, 68 Ga. 32, 45 Am. Rep. 474, and cases cited. The bankruptcy court sets aside a homestead to the bankrupt if he is entitled to one under the state law. While a partnership may be adjudicated bankrupt, though the partners are not (In re Sugar Valley Co. [D. C.] 292 Fed. 508), in such a case there is no bankrupt before the court, save one which, under the state law, has no homestead rights. If a partner, as an individual, would have his individual homestead right regarded by the court, he must submit himself and his individual affairs to bankruptcy. The referee was in error in setting apart a homestead to L. N. Fortson, he not being at the time a bankrupt. He has, on his own petition, been since adjudicated, but as his individual creditors have not heretofore been parties to the case, and have had no opportunity to be heard in opposition to the homestead, the matter has not become moot. The action of the trustee and referee is, as to this homestead, set aside, without prejudice to further proceedings in behalf of L. N. Fortson to assert his homestead rights, if any.

[4] 2. Under the Bankruptcy Act (Comp. St. §§ 9585–9656), the partnership and individual estates are substantially separate funds for administration. The same is true under Georgia Code, § 4602. Nevertheless it is settled law in Georgia that a partner has a right to a homestead out of his interest, divided or undivided, in the firm assets superior alike to the rights of the firm and individual creditors. Blanchard v. Paschal, 68 Ga. 32, 45 Am. Rep. 474, and cases cited, especially Harris v. Visscher, 57 Ga. 229. The rights of homesteader and creditor are unaffected by the bankruptcy act. The cases heretofore decided have not involved the existence of individual estates, but the reasoning of the Georgia cases indicates that firm and individual creditors are equally rather than successively postponed to the homestead right by the Georgia Constitution. The homesteader and the court may resort either to the individual estate or the partner's share in the partnership estate to raise the homestead. The two estates thus constitute two funds equally subject to a common burden. The burden should at last be borne proportionately. If more than its proper share is taken from one fund to discharge the homestead right, the two funds are to be marshaled for contribution and the proper balance between them restored before distribution to firm and individual creditors.

[5] 3. The ruling made in Re Arnall (D. C.) 285 Fed. 654, that the assignment of the homestead does not defeat it, is adhered to.

[6] 4. In the light of Sellers v. Bell, 2 Am. Bankr. Rep. 529, 94 Fed. 801, 36 C. C. A. 502, there was no such fraud and concealment of assets shown as should defeat Deadwiler's homestead.

The referee's ruling is affirmed as to Deadwiler's homestead, and reversed as to Fortson's without prejudice to further proceedings as to the latter.