### DIXON et al. v. KOPLAR et al.
(two cases).
Nos. 11218, 11244.

Circuit Court of Appeals, Eighth Circuit.
March 15, 1939.

Harry S. Gleick, of St. Louis, Mo., for appellant.

A. B. Frey, of St. Louis, Mo. (Melvin L. Hertzman and Earl M. Fishgall, both of St. Louis, Mo., on the brief), for appellees.

Before GARDNER, SANBORN, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

October 27, 1937, I. H. Koplar and M. Horwitz, co-partners, doing business at St. Louis, Missouri, under the style and trade name of the St. Louis Wholesale Grocery Company, were adjudicated bankrupts, both as a partnership and as individuals, in the Eastern Division of the Eastern Judicial District of Missouri. Previously a voluntary petition for relief under Section 74 of the Bankruptcy Act of 1898, as amended, 11 U.S.C.A. § 202, had been filed, and the bankrupts had made an offer of composition in said proceedings, but were unable to secure a requisite number of acceptances. Thereupon, on October 27, 1937, they voluntarily consented to adjudications in bankruptcy. In due course, Joseph F. Dixon, appellant herein, was duly appointed and qualified as trustee of the partnership estate and of the individual estates of the bankrupt partners. The partnership assets are insufficient to pay the partnership debts. Both Horwitz and Koplar are married men, heads of families, and residents of the State of Missouri. Section 1163 of the Revised Statutes of Missouri, 1929, Mo.St.Ann. § 1163, p. 1425, provides as follows:

"Each head of a family, at his election, in lieu of the property mentioned in the first and second subdivision[s] of section 1160 may select and hold, exempt from execution, any other property, real, personal or mixed, or debts and wages, not exceeding the value of the amount of three hundred dollars, except ten per cent of any debt, income, salary, or wages due such head of a family".

Each individual bankrupt claimed as exempt the property mentioned in the first and second subdivisions of Section 1160, R.S.Mo., Mo.St.Ann. § 1160, subds. 1, 2, p. 1422, and certain insurance policies under the provisions of Section 5739 of said Revised Statutes, Mo.St.Ann. § 5739, p. 4383. They then claimed as exempt, by virtue of the foregoing statutes, their remaining individual assets consisting of $13.29 in the case of Horwitz, and of $20.11 in the case of Koplar. These exemptions were allowed. Horwitz then claimed as exempt, out of the partnership property, an automobile truck of the value of $150, and, in addition thereto, certain canned goods of the total value of $136.71, which added to the $13.29 claimed as exempt out of the individual estate would make up the $300 claimed by him under said Section 1163. In like manner Koplar claimed as exempt, out of the partnership property, certain canned goods, soap, and other merchandise, of the total value of $279.89, which added to the $20.11 claimed and allowed out of his individual estate would make for him a total of $300, claimed under the provisions of said Section 1163, R.S.Mo.

The trustee filed his report of exempt property in which he held that the individual parties were not entitled to receive any exemptions out of the partnership assets. Exceptions were filed to this report, which were by the referee overruled, and the trustee's report was sustained on the ground that the individual bankrupts could not, under the law of Missouri, claim exemptions out of the bankrupt partnership estate. Upon peti-

tion for review of this order of the referee, the district court reversed the referee, and directed that exemptions from the partnership property should be allowed substantially as claimed. From this action of the district court the trustee appeals.

The question presented is whether under the law of Missouri individual bankrupt partners can claim exemptions out of the bankrupt partnership estate. Appellees rely upon Section 1163, supra, to support their right to exemptions from the partnership estate under the application of the federal statutes authorizing exemptions in bankruptcy cases. The Bankruptcy Act of 1898 does not itself prescribe any specific exemptions, but provides that bankrupts are entitled to such exemptions as may be prescribed by state laws; and Section 6, does this in the following language:

"This Act [title] shall not affect the allowance to bankrupts of the exemptions which are prescribed by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition". 11 U.S. C.A. § 24.

Thus the rights of a bankrupt to property as exempt are those given him by the state statutes; and the federal courts, sitting as courts in bankruptcy, will determine exemptions according to those statutes, and the decisions of the courts of last resort of the states construing and applying those statutes. White, Trustee, v. Stump, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301; Moody & Son v. Century Savings Bank, 239 U.S. 374, 378, 36 S.Ct. 111, 60 L.Ed. 336; Smalley v. Laugenour, 196 U.S. 93, 97, 25 S.Ct. 216, 49 L.Ed. 400; 7 Corpus Juris, par. 619, p. 354. The general law, as declared by the overwhelming weight of authority, is that where the state law does not allow an exemption to individual partners out of the partnership property, such exemption cannot be allowed in bankruptcy. 7 Corpus Juris, par. 624, p. 356. The following federal decisions, based upon state statutes under consideration, among many others, support this text. In re Beauchamp, D.C.Md., 101 F. 106; In re Demarest, D.C.N.J., 110 F. 638; In re Lentz, D.C.S.D., 97 F. 486; In re Prince & Walter, D.C.Pa., 131 F. 546; In re Novak, D.C.S.D., 150 F. 602; In re McCrary Bros., D.C.Ala., 169 F. 485; Jen-nings v. William A. Stannus & Son, 9 Cir., 191 F. 347, 348; In re Vickerman & Co., D.C.S.D., 199 F. 589; In re Bundy & Co., D.C.Miss., 218 F. 711.

There is no individual ownership of partnership property until, at least, the partnership has ceased activity and all its debts have been paid. Brindle v. Hiatt, 8 Cir., 42 F.2d 212; United States v. Kaufman, 267 U.S. 408, 45 S.Ct. 322, 69 L.Ed. 685. Under the Bankruptcy Act, 11 U.S. C.A. § 1 et seq., a partnership is a distinct entity, a person separate from the partners who compose it. In re Bertenshaw, 8 Cir., 157 F. 363, 17 L.R.A.,N.S., 886, 13 Ann. Cas. 986; Liberty National Bank v. Bear, 276 U.S. 215, 48 S.Ct. 252, 72 L.Ed. 536.

We are necessarily remitted, for answer to the question presented on this appeal, to the Statutes of Missouri granting exemptions, as construed by the courts of that state. In support of its contention that in Missouri an individual member of a partnership is not entitled to claim exemptions out of partnership property appellant ·cites the following cases: State ex rel. Billingsley v. Spencer, 64 Mo. 355, 27 Am.Rep. 244; State ex rel. Hinde v. United States Fidelity & Guaranty Co., 135 Mo.App. 160, 115 S.W. 1081; Weinrich v. Koelling, 21 Mo.App. 133; Julian v. Wrightsman, 73 Mo. 569; State ex rel. Fulks v. Pruitt, 65 Mo.App. 154; Hemm v. Juede, 153 Mo.App. 259, 133 S.W. 620. From these cases it appears that the settled law of the state is accepted to be that the exemption laws do not extend to partnership property, that partnership assets must first be applied to the payment of partnership debts, and that, until they are paid, an individual partner has no property in or claim upon them. This is the decisive consideration in the determination of the question before us. No one is entitled to exemption out of assets in which he has no property right. The individual partner has none until the partnership debts are paid. And it is conceded that this partnership is hopelessly insolvent, and that those debts can never be paid.

Counsel for appellees, in their brief, seek to distinguish these Missouri cases as not determinative of the question involved, but without success. In a number of the decisions it is stated, either in substance or in precise terms, that in this state it is the settled law that the exemption laws do not extend to partnership property.

Appellees, in brief and argument, place strong reliance upon the decisions of Judge Treat in the following cases in the Eastern District of Missouri: In re Young et al., Fed.Cas. No. 18,148, and In re Richardson et al., Fed.Cas. No. 11,776. The first of these cases was decided in 1869, the latter in 1874, and both under the Bankruptcy Act of 1867. That Act, in Section 14, 14 Stat. 522, set forth the various items that should be excepted from the operations of the provisions of that Section. To this extent certain specific exemptions were affirmatively granted by federal law. The Act of 1898 makes no specific grant, but merely provides that it "shall not affect the allowance to bankrupts of the exemptions which are prescribed by the State laws in force at the time of the filing of the petition". If no such exemptions are prescribed by state laws, then none are granted by the present Act. In re Buckingham, D.C.Ohio, 102 F. 972.

As we have seen, it is the settled law of Missouri, as declared by its courts, that an individual partner is not entitled to claim exemptions out of partnership property, until, at least, all the partnership debts have been paid. The decisions of the federal district court in the Young and Richardson cases are in no sense controlling under the present Act, and, in fact, were not in harmony with the weight of authority under the Act of 1867. This is made apparent by a consideration of the following cases and the citations contained therein: In re Sauthoff, 21 Fed.Cas. page 542, No. 12,380; In re Hafer, 11 Fed.Cas. page 152, No. 5,896; In re Handlin, 11 Fed. Cas. page 421, No. 6,018; In re Corbett, 6 Fed.Cas. page 528, No. 3,220; In re Croft, 6 Fed.Cas. page 838, No. 3,404; In re Tonne, 24 Fed.Cas. page 51, No. 14,095; In re Stewart, 23 Fed.Cas. page 51, No. 13,420; In re Price, 19 Fed.Cas. page 1314, No. 11,410; In re Melvin, 16 Fed.Cas. page 1338, No. 9,406; In re Blodgett, 3 Fed.Cas. page 720, No. 1,555; In re Boothroyd, 3 Fed.Cas. page 892, No. 1,652.

We have examined the foregoing cases cited by counsel for appellant and find that they fully support a general holding in opposition to the law of exemptions as declared in the Young and Richardson cases. The states covered in these decisions are Wisconsin, Pennsylvania, Arkansas, Nevada, Illinois, Ohio, Georgia, Maryland, Minnesota and Michigan. Judge Treat in the Young and Richardson cases based his conclusion upon his conception of the humane doctrine involved rather than upon the applicable legal principles. In the Young case the Register denied the exemption claimed saying: "No statutes of Missouri exempt the joint property of the firm from execution for debts of the firm. There can be no individual property, properly speaking, in partnership assets, until partnership debts are paid, and the interest of the copartners in the residue ascertained".

In overruling the Register, and allowing the exemptions, Judge Treat said: "It is true, as a legal proposition, that the individual interest of a partner in partnership property is as stated by the register. * * * The policy of exemptions, and the legal rules on which they rest, modify the strict technical rules by which rights of creditors are otherwise enforceable".

In the Handlin case, supra, Judge Dillon, then Circuit Judge for this Circuit, said: "While the adjudged cases relating to the question under consideration are not uniform, a careful examination of all of them justifies me in saying that they are quite decisively against the proposition that individual exemptions can be allowed out of the partnership estate, at the expense of the joint creditors". Citing cases from many jurisdictions.

Under the Bankrupt Act, as it now exists, there can be no exemptions allowed except such as exist under state law. In Missouri no exemptions are allowed to individual partners out of partnership assets, at least until the partnership debts are paid. Appellant secured an allowance of appeal by this court and by the court below. It is unimportant which appeal was properly taken. It follows that appellees are not entitled to the exemptions claimed, and that the order and decree of the district court must be reversed. It is so ordered.