### In re Joseph L. GAGNON, Debtor.

### John H. APPLETON, Esq., Trustee, Plaintiff,

v.

### Joseph L. GAGNON and First National Bank of Palmerton, Defendants.

Bankruptcy No. 5–81–00708.
Adv. No. 5–82–0004.

United States Bankruptcy Court, M.D. Pennsylvania.

Jan. 27, 1983.

---

Myles R. Wren, Scranton, Pa., for plaintiff John Appleton.

John J. Robinson, Jr., Stroudsburg, for debtor Joseph L. Gagnon.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The plaintiff, the trustee in the above captioned bankruptcy, has commenced an adversary proceeding against the debtor and the First National Bank of Palmerton (the Bank) in which he objects to the debtor's claimed exemptions and seeks an order directing the Bank to turn over a partnership bank account in which the debtor has an interest. The issue presented in this dispute is whether an individual debtor filing for relief under the Bankruptcy Act of 1978 can claim an exemption in bankruptcy in partnership property. The issue is before the Court on the debtor's motion for summary judgment. The motion will be denied

since material facts necessary for the resolution of this dispute are not of record.

Under the former bankruptcy statute, the Bankruptcy Act of 1898, the majority of Courts which addressed the issue held that a debtor could not claim as an exemption his interest in partnership property. *See, e.g., Schefman v. De Groot,* 35 F.2d 950 (6th Cir.1929); *Dixon v. Koplar,* 102 F.2d 295, 297 (8th Cir.1939) (No exemption permitted since "(t)here is no individual ownership of partnership property until, at least, the partnership has ceased activity and all its debts have been paid."); *In Re Prince & Walter,* 131 F. 546 (M.D.Pa.1904); Annot., 4 A.L.R. 300 (1919). The formulation of this rule was due to the exemption scheme provided under § 6 of the 1898 Act. In part, that section (former 11 U.S.C. § 24) provided as follows:

§ 6. *Exemptions of Bankrupts.* This Act will not affect the allowance of bankrupts of the exemptions which are prescribed by the laws of the United States or by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months immediately preceding the filing of the petition. * * *

Under the former law § 6 merely authorized the use in bankruptcy of pre-existing exemptions. Applying § 6 to a case such as the one at bar, the debtor could not exempt his interest in partnership property unless such an exemption was authorized by state law or federal non-bankruptcy law. Under the 1898 Act, the debtor would not be entitled to an exemption since neither state nor federal law authorized such an exemption.

The analysis of the 1898 Act and the case law decided under § 6 do not resolve the current dispute since the Bankruptcy Act of 1978 allows a debtor to exempt property which he would not be authorized to exempt under state law or federal non-bankruptcy law. In part, the exemption provisions of the 1978 Act state as follows:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the

State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable non-bankruptcy law.

11 U.S.C. § 522(b). This provision allows a debtor to elect the federal exemptions provided in § 522(d) of the 1978 Act rather than the exemptions of state law and federal non-bankruptcy law. This choice is foreclosed only if state law so provides. 11 U.S.C. § 522(b)(1). In the case at bar, the debtor elected the federal exemptions. He contends that by using the federal exemptions provided in § 522(d)(1) and (5) he can exempt his interest in the partnership property in an amount up to $7,900. In pertinent part § 522(d) states as follows:

(d) The following property may be exempted under subsection (b)(1) of this section:

(1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

(2) * * *

(3) * * *

(4) * * *

(5) The debtor's aggregate interest, not to exceed in value $400 plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property.

(6) * * *

While it is true that § 522(d)(1) and (5), when used in conjunction allow the debtor to exempt up to $7,900 of equity in any property, *Augustine v. United States of America*, 675 F.2d 582, 585 (3rd Cir.1982), this does not resolve the dispute in the debtor's favor since the right to exempt property is subject to certain restrictions. The 1978 Act only allows the debtor to exempt property of the bankruptcy estate. 11 U.S.C. § 522(b). This estate is defined at 11 U.S.C. § 541. Although subject to several notable provisions which are not relevant here, § 541(a) states in part that the bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." Notwithstanding the scope of the language used in § 541(a), as of the commencement of the bankruptcy, the estate's legal and equitable interests in property rise no higher than those of the debtor. Furthermore, the state law restrictions on the debtor's property rights are upheld in bankruptcy and apply to the estate's property unless the 1978 Act specifies otherwise. These state law restrictions provide the resolution to the current dispute.

The applicable state law is that of Pennsylvania which adopted the Uniform Partnership Act of 1975. That act enumerates the property rights of a partner in partnership property and states as follows:

§ 341. *Extent of property rights of partner.*

The property rights of a partner are:

(1) His rights in specific partnership property.

(2) His interest in the partnership.

(3) His right to participate in the management.

59 Pa.Cons.Stat. § 341. The partner's rights in specific partnership property are defined in part as follows:

§ 342. *Nature of right of partner in specific partnership property.*

(a) General rule.—A partner is co-owner with his partners of specific partnership property, holding as a tenant in partnership.

(b) Incidents of tenancy.—The incidents of this tenancy are such that:

(1) A partner, subject to the provisions of this chapter and to any agreement between the partners, has an equal right with his partners to possess specific partnership property for partnership purposes; but he has no right to possess such property for any other purpose without the consent of his partners.

(2) * * *

*Id.* at § 342.

■ Section 342(b)(1) provides that a partner has no right to possess specific partnership property without the consent of the remaining partners. As applied to the case at bar the debtor has no right to possess the partnership bank account unless the other partners consent. The consent of the other partners does not appear of record. Also, state law may further restrict the debtor's right to exempt the bank account until the partnership has ceased doing business and paid all its debts. *Dixon v. Koplar, supra,* 102 F.2d at 297. *Turner v. Central National Bank of Mattoon,* 468 F.2d 590 (7th Cir. 1972); *In Re Dreske,* 25 B.R. 268, 3 Bankr. L.Rep. (CCH) ¶ 69,907 (Bkrtcy.E.D.Wis. 1982).

The legislative history of the 1978 Act supports our analysis. In part that history states as follows:

When a partner is a debtor in a case under title 11, the partner's interest in the partnership in which such partner is a partner is property of the partner's estate under 11 U.S.C. 541(a)(1). If there is a surplus of property remaining after satisfaction of all [valid] claims and expenses out of the partnership's estate in a case under chapter 7 then such excess property will be distributed to the partners in satisfaction of their interest. Also, if the partner is an individual, exemptions may be claimed under 11 U.S.C. 522. If a partner chooses state exemptions in lieu of the federal exemptions provided in 11 U.S.C. 522(d), then the partner may take exemptions out of property held by the partnership or transferred to the debtor by the partnership when sanctioned by state law. See, e.g., *Phillips v. C. Palmo [Palomo] & Sons,* 270 F.2d 791 (5th Cir. 1959); *In re Deadwiler & Fortson,* 293 F. 762, 763 (N.D.Ga.1923). *On the other hand, if the partner chooses the federal exemptions set forth in 11 U.S.C. 522(d), then property may be exempted only from the partner's estate and not from the estate of the partnership.* Property transferred from the partnership to a partner on the eve of bankruptcy would likely be vulnerable as a fraudulent conveyance under 11 U.S.C. 548(a) if made without fair consideration and would even be avoidable in that event in many cases under 11 U.S.C. 548(b) if made to a general partner. *See In re Reese,* 223 F.Supp. 626 (N.D.Cal.1963). (Emphasis added).

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 199 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6159.

Pertinent facts necessary to the resolution of this dispute are not of record, such as the cessation of the partnership's business activities and the payment of its debts. Since these material facts are not of record the entry of summary judgment is inappropriate. *Hollinger v. Wagner Mining Equipment Co.,* 667 F.2d 402 (3rd Cir.1981). The debtor's motion for summary judgment will be denied.