### KARASIK et al. v. PEOPLE'S TRUST CO.

(District Court, E. D. New York. April 24, 1917.)

1. BANKRUPTCY ⬿20(1)—COURTS OF BANKRUPTCY—JURISDICTION.

   A controversy respecting the validity of mortgages by the bankrupt on property in the possession of trustees elected in pending bankruptcy proceedings is one arising in a bankruptcy proceeding, of which the bankruptcy court having possession of the assets has jurisdiction, under Bankr. Act July 1, 1898, c. 541, § 2, subd. 7, 30 Stat. 545 (Comp. St. 1916, § 9586), giving the District Courts jurisdiction in bankruptcy to determine controversies in relation to the estates of bankrupts, and subdivision 15, giving them jurisdiction to make necessary orders, etc., for the enforcement of that act.

2. BANKRUPTCY ⬿18½ New, vol. 8 Key-No. Series—COURTS OF BANKRUPTCY —JURISDICTION.

   A suit by trustees, appointed in a pending bankruptcy proceeding, to test validity and meanwhile to restrain foreclosure, of mortgages on property in their possession is one in equity in the bankruptcy court, rather

than on the equity side of the District Court, as distinguished from bankruptcy, though equity pleadings are used, and there is therefore no basis for the objection that the District Court, sitting in equity, is exercising jurisdiction over a cause of action over which the District Court has no jurisdiction as a court of equity apart from bankruptcy.

In Equity. Suit by Louis Karasik and others, as trustees of the Franklin Brewing Company, bankrupt, against the People's Trust Company, individually and as trustee under a certain alleged mortgage. On objection to the jurisdiction. Objection overruled, and preliminary injunction granted.

Samuel Evans Maires, of Brooklyn, N. Y., and Simon S. Hamburger, of New York City, for plaintiffs.

Henry F. Cochrane, of Brooklyn, N. Y., for majority of bondholders.

Wingate & Cullen, of New York City, for People's Trust Co.

CHATFIELD, District Judge. The plaintiffs are trustees in bankruptcy of the Franklin Brewing Company and have filed a bill in equity to restrain foreclosure of certain mortgages made by the bankrupt. The validity of these mortgages, as well as the amount due thereunder, is attacked in an attempt to test their claims against the property now in the possession of trustees elected in bankruptcy proceedings pending in this district. The plaintiffs seek to support jurisdiction of this action in equity against citizens and residents of the same state by urging the lack of an adequate remedy at law, under the ancillary jurisdiction expressly given to courts of the United States in aid of bankruptcy proceedings (section 2, subd. 15), and also, under section 2, subd. 7, of the bankruptcy statute, which gives the United States court of this district jurisdiction in bankruptcy to "determine controversies in relation thereto, except as herein otherwise provided."

[1] It is evident that this is a controversy arising in a bankruptcy proceeding. Moody v. Century Bank, 239 U. S. 374, 36 Sup. Ct. 111, 60 L. Ed. 336. The bankruptcy court has possession of the assets and has jurisdiction to determine such controversies. Murphy v. John Hofman Co., 211 U. S. 562, 29 Sup. Ct. 154, 53 L. Ed. 327; Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986; Globe Bank v. Martin, 236 U. S. 288, 35 Sup. Ct. 377, 59 L. Ed. 583.

[2] The defendants have appeared specially, upon an application for a preliminary injunction, and objected to the exercise by this court, sitting in equity, of jurisdiction over the parties, who are litigants or contestants in that controversy which admittedly is pending in the bankruptcy court. The plaintiffs cite the cases of Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157, Wabash Railroad Co. v. Adelbert College, 208 U. S. 38, 28 Sup. Ct. 182, 52 L. Ed. 379, and Murphy v. John Hofman Co., supra, as authority for their proposition.

In the Murphy Case the possession of the bankruptcy court was held sufficient to give the bankruptcy court, as such, the right to dispose, not only of questions actually a part of the proceedings in bankruptcy, but

also those issues of title arising therein which would determine contro-versies as to the person entitled on distribution to the assets in the pos-session of the bankrupt estate. In the Adelbert College Case the action was on the equity side of the state court, and upheld the exclusive jurisdiction of the United States court in equity to dispose of matters relating to the property in the possession of the officers of the court.

In Whitney v. Wenman we have the only case cited which approach-es the question at bar. It is evident that the District Court in this dis-trict, sitting in bankruptcy, has power to dispose of the assets in the hands of the trustees and to determine claims thereto. It may not oust the state court, which has acquired jurisdiction more than four months prior to the bankruptcy proceeding; but it can dispose of the property over which no other court has acquired jurisdiction, and may transfer the lien of the claim to the proceeds, or distribute the pro-ceeds free from the claim if that claim be not sufficiently substantiated by the claimant. Moody v. Century Bank, supra.

It is apparent that the present action is not within the provisions of section 47, section 60, subd. "b," section 67, subd. "e," or section 70, subd. "e" (Comp. St. 1916, §§ 9631, 9644, 9651, 9654), in which the District Court is given specific jurisdiction to hear certain actions to set aside preferences, to enforce liens, or to declare transfers void for fraud. It is evident that this action is not within the general juris-diction of the United States court because of diversity of citizenship. The proposition presented is simply whether the United States court, sitting in bankruptcy, with equitable powers, and having the right to determine controversies ancillary to or respecting assets in the posses-sion of the bankruptcy court, is so distinct from the United States court in the same district, sitting in equity, with respect to a plenary suit instituted by the filing of a bill in equity, that the latter action may not be maintained, even though the question involved in the plenary suit be the claim to the selfsame assets by parties who are lien creditors in the bankruptcy proceedings. As was stated in the Whitney Case, supra, parties are not injured by having such questions raised in a plenary suit rather than upon motion; but the real question is whether the present bill in equity is filed within the jurisdiction of the bankrupt-cy court, or whether it is filed in a distinct tribunal, acquiring jurisdic-tion from a separate statute of Congress, and having no connection with the bankruptcy court, except identity of officers and judge.

If the court were established in different divisions, one for bankrupt-cy and one for equity, and if each division were held by a different judge, and if controversies arising in bankruptcy proceedings were by statute to be heard in the bankruptcy division and before the judge holding that court, while suits to set aside conveyances or preferences were specifically given to the equity division of the court, held by a different judge, there would be no room for doubt that a bill in the equity division could be maintained only in those cases over which the equity branch of the court was given jurisdiction by statute. The Whit-ney Case, supra, does not controvert that proposition. In that case assets in the possession of the receivers in bankruptcy had been deliv-ered to claimants by collusion; that is, by failure to insist upon the

rights of the bankrupt estate and without an order of the court. The action was brought by the trustees in bankruptcy, who sought to trace the assets into the hands of the claimant, and to hold it responsible therefor in an accounting which would determine the right of the trustees for the creditors as against the claimed title of the person accounting for the property wrongfully delivered into its possession. The court said:

"The District Court had the right in a proceeding in the nature of a plenary action, in which the parties were duly served and brought into court, to determine their rights, and to grant full relief * * * if the allegations of the bill shall be sustained."

In the Whitney Case the tracing of the funds made the bill in equity necessary, and might have prevented the hearing of a summary proceeding to get the funds, as well as to test the claimants' right thereto. In the case at bar a summary proceeding would be possible, as the property is in the hands of the court, and if the bankruptcy court can give full opportunity by plenary suit to grant a hearing on pleadings like the ordinary bill in equity, then the present action is properly instituted, and is a suit for the "determination of a controversy in relation" to the "estate." The action is in equity in the "bankruptcy court," rather than in the equity side of the District Court, as distinguished from bankruptcy. The jurisdiction of the United States District Court is statutory. The name by which the calendar of causes or the particular case is known, such as admiralty, patents, or common law, does not preclude the exercise of a like jurisdiction in bankruptcy, if the bankruptcy law establishes the right to hear an issue on a particular sort of pleadings analogous to those of some other branch of litigation. The Whitney Case is authority for the proposition that issues in bankruptcy which partake of the nature of a bill in equity may be heard upon equity pleadings, inasmuch as the bankruptcy court is given general jurisdiction to determine all controversies arising with respect to the assets over which the bankruptcy court has *exclusive* jurisdiction, unless it releases the same.

The suit at bar is therefore equivalent only to a proceeding to determine a claim in bankruptcy to the assets over which the District Court as a court of bankruptcy has the right to exclusive jurisdiction. It fully protects the rights of the claimant by the use of equity pleadings, and the objection to jurisdiction must be overruled. The preliminary injunction will be granted, with leave to move to vacate the same, if facts appealing to the discretion of the court in yielding jurisdiction to any other tribunal or form of action are at any time shown.