## In re DRESSLER PRODUCING CORPORATION.

### Petition and Appeal of DALTON et al.

(Circuit Court of Appeals, Second Circuit. December 10, 1919.)

#### No. 61.

1. BANKRUPTCY ⬦65—PREFERENCE OF CORPORATION DIRECTORS FOR BANKRUPTCY RATHER THAN STATE COURT FOR WINDING UP CORPORATION NOT FRAUD.

A petition, verified by the directors of a corporation, alleging its inability to pay its debts in full, and its willingness to be adjudged a bankrupt, cannot be said to be fraudulent, because the directors prefer that forum rather than a state court, where a stockholder has commenced suit for dissolution, and is sufficient to give the bankruptcy court jurisdiction.

2. BANKRUPTCY ⬦61—ADMISSION AS ACT OF BANKRUPTCY RENDERS SOLVENCY IMMATERIAL.

Where the act of bankruptcy is a written admission, as provided by Bankruptcy Act, § 3a (5), Comp. St. § 9587, the question of solvency is immaterial.

3. CORPORATIONS ⬦559(3)—MAY EXERCISE POWERS AFTER APPOINTMENT OF RECEIVER.

Appointment of a temporary receiver for a corporation does not deprive it of the right to exercise its corporate powers, except as to matters specially confided to the receiver by the court.

4. BANKRUPTCY ⬦20(1)—SUPERSEDING OF SUIT IN STATE COURT.

State court proceedings are superseded by filing of a petition in bankruptcy, to make more effective the bankruptcy proceedings.

5. BANKRUPTCY ⬦20(1)—PROCEEDINGS BY CORPORATION STOCKHOLDERS NOT BARRED BY SUIT FOR DISSOLUTION IN STATE COURT.

The institution by a stockholder of a corporation of a suit for dissolution in a state court does not deprive other stockholders of the right to institute proceedings in bankruptcy.

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. BANKRUPTCY ⬅439—ORDER DENYING MOTION TO DISMISS REVIEWED BY
        REVISION.
            An order of a court of bankruptcy, denying a motion to dismiss a peti-
        tion, is reviewable by petition to revise.

Petition to Revise and Appeal from Order of the District Court of
the United States for the Southern District of New York.

In the matter of the Dressler Producing Corporation, bankrupt.
Marie Dressler Dalton and James H. Dalton petition to revise and
appeal from an order of the District Court.    Affirmed.

Whitman, Ottinger & Ransom, of New York City (Nathan Ottin-
ger, of New York City, of counsel), for appellants.

Barker, Donahue, Anderson & Wylie, of New York City (Louis J.
Wolff, of New York City, of counsel), for bankrupt.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. [1] The appellants, Marie Dressler Dal-
ton, a stockholder of one-half the capital stock of the bankrupt and al-
so a creditor thereof, and her husband, creditor, on February 1, 1919,
began a proceeding in the state court for a dissolution of the bank-
rupt corporation.   The ground upon which the application was based
was that there was a hopeless diversion of views of the stockholders
of equal interest and a desire to prevent waste of the corporate prop-
erty.   No allusion is made to the insolvency of the company but it was
asserted that, if the company continued with such divided ownership
of stock and management, insolvency might result.   The petition in
the state court was made returnable on February 24, 1919.   On Feb-
ruary 19, 1919, this petition in bankruptcy was filed.   It is instituted
by the stockholders whose interests appear to be adverse to the appel-
lants.   On the same day an order to show cause, returnable on Febru-
ary 21st, was issued in the proceedings, asking for a stay of the state
court proceedings.   On February 26th the appellants obtained an order
to show cause, returnable March 3d, for leave to intervene and set
aside the bankruptcy proceedings.   The District Judge, in the order
now under review, permitted the appellants to file an answer "raising
the issue of fraud with respect to the admission in writing of the in-
ability of the bankrupt to pay its debts and its expression of willing-
ness to be adjudicated a bankrupt."   The order stays the proceedings
in the state court for dissolution, and denied the application of the ap-
pellants to dismiss the proceedings in bankruptcy.

It is not disputed but that a petition in bankruptcy was filed with a
view to the liquidation of the affairs of the bankrupt corporation within
the jurisdiction of the United States District Court rather than the
Supreme Court of the state.   It is asserted that the corporation is
solvent, but it does appear by the schedules in bankruptcy that it owed
$22,809.97 as against cash assets of $5,865.86, and motion picture films
with an uncertain value.   The assets are said to be "undeterminable."
At the time of the filing of the petition in bankruptcy, the corporation
was not in a position or condition to continue business, and the desire
to wind up its affairs was not only necessary, but seemed to be the

wish of all the parties concerned. One faction attempted it in the state court; the other faction with frankness of statement, says it chose the federal court, because it deemed that court "better adapted to preserve the rights of all parties." We are of the opinion that it was unnecessary to justify a choice, for the petitioners in bankruptcy have the unchallengeable right to proceed by filing this petition. The institution of the proceedings in the state court is not a bar to maintenance of this petition in bankruptcy. Insolvency need not be alleged or shown to successfully maintain a petition in bankruptcy, if the corporation is unable to meet its obligations as they mature and arise, and this appears to be the fact here. There are many allegations and denials of fraud on both sides, but through it all there seems to be the common wish to liquidate the affairs of the bankrupt.

The appellants contend that a fraud is being committed or consummated by this petition in the federal court, and that this is sufficient ground for a dismissal of the petition. In support of this contention we are referred to Zeitinger v. Dry Goods Co., 244 Fed. 719, 157 C. C. A. 167. In that case a fraud was established by a decree of a state court after a trial which lasted for four weeks. A director was ousted by the state court for waste and mismanagement, and a receiver was appointed to enforce the decree, and the directors were held liable for a considerable sum of money. At the time the petition in bankruptcy was filed, the affairs of the corporation had been taken from the directors by a final decree of the state court, and the losses of the corporation were decreed to be due and owing from its stockholders and assessed against them. The court refused to take jurisdiction of the petition in bankruptcy, which was authorized by the same board of directors, and thus permit the instrumentality of the Bankruptcy Law to further their fraudulent purposes.

In the case at bar the directors can at least be said to be holding office as de facto officers. They, under oath, say that the corporation is unable to pay its debts in full, and ask the protection of the bankruptcy court. This is sufficient to require the bankruptcy court to take jurisdiction. Under these circumstances, it cannot be said to be a fraud to proceed in winding up the affairs of the corporation by bankruptcy proceedings, rather than through the medium of the state law in granting a dissolution of the corporation. A choice of a forum, under the circumstances disclosed by the affidavits in the record, in itself, is not a fraud, and would not warrant the District Judge in refusing jurisdiction.

[2] Where the act of bankruptcy is a written admission, as the statute provides (section 3a [5] Comp. St. § 9587), the question of solvency is immaterial. Matter of Cohn, 227 Fed. 843, 142 C. C. A. 367; West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098. In re Moench & Sons Co., 130 Fed. 685, 66 C. C. A. 37, this court held that the fact that the property of the corporation was in the possession of receivers appointed in the state court did not affect the jurisdiction of the court of bankruptcy to adjudicate such corporation a bankrupt. It was further held that an admission in writing of inability to pay its debts, and its willingness to be adjudicated a bankrupt on

that ground, prevented a creditor from proving the solvency as a defense. The court said:

"It would also seem to be reasonable to hold that the power to make the admission in writing could be exercised by the same officers who have the power to make a general assignment, and, in the absence of statute or by-law regulating the subject, such power resides in the directors. * * * It is no doubt true that by committing either the fourth or fifth acts of bankruptcy, when three creditors stand ready at once to take advantage of it by filing a petition, the corporation achieves the object which the act forbids it to secure by its own voluntary petition, but its doing so is not such a 'fraud upon the act' as to prevent the application of the plain language of the act to the facts presented."

[3] Even where a temporary receiver is appointed for a corporation the corporation still has the right to exercise its corporate powers, except as to the matters specially confided to the receiver by the court. Sigua Iron Co. v. Brown, 171 N. Y. 488, 64 N. E. 194.

[4] It is the desire of the law that the state court proceedings be superseded upon the filing of a petition in bankruptcy, and this to make more effective the bankruptcy proceedings. Cresson Coal Co. v. Stauffer, 148 Fed. 981, 78 C. C. A. 609; Morehouse v. Giant Powder Co., 206 Fed. 24, 124 C. C. A. 158; In re Salmon (D. C.) 143 Fed. 395.

[5] A solvent corporation, as a person, may have its property distributed among its creditors in the manner provided by the Bankruptcy Act (Comp. St. §§ 9585–9656). Hanover Nat. Bank v. Moyses, 186 U. S. 181, 22 Sup. Ct. 857, 46 L. Ed. 1113. The claim of the appellants, that at the time the directors admitted that the company was insolvent; and unable to meet its obligations as they matured and arose, they were without authority to so act, and that, therefore, such a consent is of no value in the bankruptcy proceedings, is without force, and is not a reason why the motion to dismiss the petition should be granted. If there is a question whether a fraud has been perpetrated, and the authority of the board of directors to sign the consent, which was filed in the voluntary proceedings in bankruptcy, is questioned, it is left open for trial by the order sought to be revised.

We are of the opinion that the action of the board of directors here was justified upon the affidavits presented, and that the District Judge correctly disposed of the question presented in the court below. Matter of United Grocery Co. (D. C.) 239 Fed. 1016; Matter of Cohn (D. C.) 220 Fed. 956.

[6] The petitioner seeks to have this cause reviewed both by a petition to revise and by an appeal. Evidently they have been doubtful as to their remedy. We have considered the cause as coming to us pursuant to a petition to revise, rather than an appeal. Summary proceedings are reviewable only by a petition to revise. In re Goldstein, 216 Fed. 887, 133 C. C. A. 91; Gibbons v. Goldsmith, 222 Fed. 826, 138 C. C. A. 252. Where the court of bankruptcy has erroneously retained jurisdiction to adjudicate the rights of an adverse claimant itself, the action may be reviewed by a petition to revise. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Shea v. Lewis,

206 Fed. 877, 124 C. C. A. 537; In re Gill, 190 Fed. 726, 111 C. C. A. 454; In re Vanoscope Co., 233 Fed. 54, 147 C. C. A. 123.

There is a clear distinction between "controversies arising in bankruptcy proceedings" and "bankruptcy proceedings." Bankruptcy proceedings, broadly speaking, cover questions between the alleged bankrupt and include the matters of administration generally, such as appointments of receivers and trustees, allowance of claims, and matters to be disposed of summarily. All of these matters occur in the settlement of the estate. In re Friend, 134 Fed. 778, 67 C. C. A. 500. The determining factor or the important consideration for ascertaining to which class the particular application belongs is to determine the object and character of the proceedings sought to be reviewed. If it is a controversy arising in bankruptcy proceedings, the Circuit Courts of Appeals exercise their jurisdiction as in other cases, under section 24a (Comp. St. § 9608). If the controversy pertains to proceedings in bankruptcy relative to the adjudication and the subsequent steps in bankruptcy, it is one which may be revised in matters of law upon notice and a petition by the aggrieved party.

The distinction was marked in Moody v. Century Savings Bank, 239 U. S. 374, 36 Sup. Ct. 111, 60 L. Ed. 336, where the court said:

"Whether the Circuit Court of Appeals rightly sustained its jurisdiction turns upon whether this is one of those 'controversies arising in bankruptcy proceedings' over which the Circuit Courts of Appeals are invested, by section 24a of the Bankruptcy Act, with the same appellate jurisdiction that they possess in other cases under Judicial Code, § 128 [Comp. St. § 1120], or is a mere step in bankruptcy proceedings the appellate review of which is regulated by other provisions of the Bankruptcy Act. If it is a controversy arising in bankruptcy proceedings, the jurisdiction of that court was properly invoked, as is also that of this court. We entertain no doubt that it is such a controversy. It has every attribute of a suit in equity for the marshaling of assets, the sale of the incumbered property, and the application of the proceeds to the liens in the order and mode ultimately fixed by the decree. True, it was begun by the trustees and not by an adverse claimant; but this is immaterial, for the mortgagees, who claimed adversely to the trustees, not only appeared in response to notice of the trustees' petition, but asserted their mortgage liens and sought to have them enforced against the proceeds of the property conformably to their contentions before stated. This was the equivalent of an affirmative intervention, and, when taken in connection with the trustees' petition, brought into the bankruptcy proceedings a controversy which was quite apart from the ordinary steps in such proceedings and well within the letter and spirit of section 24a."

Petitions to revise bring up questions of law only; appeals, both of law and of fact. Elliott v. Toeppner, 187 U. S. 327, 23 Sup. Ct. 133, 47 L. Ed. 200. A petition to revise calls up any order or judgment and judicial action in bankruptcy proceedings; appeals, final judgments only. Duryea Power Co. v. Sternbergh, 218 U. S. 299, 31 Sup. Ct. 25, 54 L. Ed. 1047.

If the question arises in an independent suit to determine the claim necessary for the settlement of the estate, or if it arise in one of the cases specified in section 25a (Comp. St. § 9609), review may be had by appeal; but if the question pertains to and arises in a bankruptcy proceeding, and does not fall within either of the cases specified in section 25a, review may be had by petition to revise in matter of law.

Under section 24a, a controversy arising between a trustee and a third party in respect to property either in the possession of the trustee or a third party, the review in the Circuit Court of Appeals is had on appeal and in the same manner as any other case; but in case of such controversy the revisory power is not available. On the review, the judgment in independent suits to recover assets, or to determine controversies arising relative to the bankrupt estate, the remedy is by appeal.

We are of the opinion that the remedy of the aggrieved party here was by a petition to revise.

The determination below is affirmed. '