In re NATIONAL FINANCE & MORT-
GAGE CORPORATION.

No. 8724.

Circuit Court of Appeals, Ninth Circuit.

April 1, 1938.

Rehearing Denied May 11, 1938.

Brobeck, Phleger & Harrison, G. A.
Harrison, and A. M. Dreyer, all of San
Francisco, Cal., for appellant.

Landels, Weigel & Crocker, of San
Francisco, Cal., and Robert A. Waring, of
Los Angeles, Cal., for appellees.

Before WILBUR, MATHEWS, and
STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

This is a motion to dismiss an appeal from an order made by the United States District Court. A very general statement of fact will suffice for the consideration of this motion.

Bonds were issued against certain real estate as security for a loan, and the Metropolitan Trust Company, herein referred to as the trust company, holds the property in trust for the bondholders.

The National Finance & Mortgage Corporation, hereinafter referred to as the finance company, acquired the real estate without assuming liability on the bonds. Payment of both principal and interest on the bonded indebtedness was defaulted and state taxes for several years were unpaid, and the trust company advertised the real estate for sale under a power contained in the trust indenture. Within two or three days after publication of the intended sale, the finance company filed a petition with the District Court asking relief under the provisions of section 77B of the Bankruptcy Act, as amended, 11 U.S.C.A. § 207. The court approved the petition and, upon request of the finance company, the court temporarily restrained the trust company from selling the .property. The court also issued its order to show cause requiring the trust company to show why it should not be permanently so restrained.

The trust company alleged in its answer to this order: " * * * That National Finance & Mortgage Corporation received title to the land covered by said deed of trust in the form of a defeasible title, namely, a title subject to the prior conveyance effected in said deed of trust, and that the present status of said National Finance & Mortgage Corporation towards the trustee and the bondholders under said deed of trust was not that of a debtor but was solely and singly that of a holder of a subordinate title liable to be defeated by a condition subsequent which has already occurred, and that for said reason the matter of the execution of said deed of trust is not within the jurisdiction of this court at the present time. * * *"

Upon the hearing, the court made an order dissolving the restraining order.

Acting under the provisions of section 24a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 47(a) the finance company by permission of the District Court appealed from such order, and the trust company, together with the bondholders, have moved this court for the dismissal of the appeal.[1]

The problem, as it was presented to us by the petition and the response thereto, concerns the question: Does the subject of the appeal constitute a proceeding in bankruptcy or a controversy in bankruptcy? That is, as counsel argue, if we are dealing with a proceeding, the appeal should be dismissed; if with a controversy, the motion should be denied.

Proceedings are "those matters of an administrative character, including questions between the bankrupt and his creditors, which are presented in the ordinary course of the administration of the bankrupt's estate." Taylor v. Voss, 271 U.S. 176, 181, 46 S.Ct. 461, 463, 70 L.Ed. 889.

"Cases where third parties .claim not in and under the administration of the bankrupt's estate in bankruptcy, but, on the contrary, assert some right hostile to the title of the trustee or going to the right of the court to administer the particular estate in the bankruptcy case" present controversies and not proceedings. Snow v. Dalton, 4 Cir., 203 F. 843, 844. See, In re Torgovnick, 2 Cir., 49 F.2d 211; Bothwell v. Fitzgerald, 9 Cir., 219 F. 408; Bryan v. Speakman, 5 Cir., 53 F.2d 463.

In Central Republic Bank & Trust Co. v. Caldwell, 8 Cir., 58 F.2d 721, the intervener, mortgagee trustee, sought, among

1 § 24: "(a) The Supreme Court of the United States, the circuit courts of appeal of the United States, the United States Court of Appeals for the District of Columbia, and the supreme courts of the Territories, in vacation, in chambers and during their respective terms, are invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases.

"(b) The several courts of appeal and the United States Court of Appeals for the District of Columbia shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law (and in matter of law and fact the matters specified in section 25 [48] of this title) the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised by appeal and in the form and manner of an appeal, except in the cases mentioned in said section 25 [48] of this title to be allowed in the discretion of the appellate court."

other things, leave to continue a foreclosure suit and modification of a restraining order. The issue was whether a subsidiary company of the bankrupt was a distinct entity or an agency of the bankrupt. It was held that a controversy was presented.

· In re Tracy, 7 Cir., 80 F.2d 9, in proceedings under section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203, appellant moved to dissolve a restraining order which prevented it from forfeiting a contract with the debtor on the ground that the order violated the Clayton Act, 38 Stat. 730, 15 U.S.C.A. § 12 et seq., and that section 75 of the Bankruptcy Act was unconstitutional. It was held that a controversy existed.

In re Lowman, 7 Cir., 79 F.2d 887, involved proceedings under section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. The appeal was from an order overruling appellant's motion to dissolve an injunction restraining foreclosure proceedings. The ground of the motion was that the title of the bankrupt had expired. It was held that a controversy existed.

The petitioner in the present proceeding relies upon Meyer v. Kenmore Hotel Co., 297 U.S. 160, 56 S.Ct. 405, 407, 80 L.Ed. 557, decided by the Supreme Court February 3, 1936, which is later than the decisions above cited. In that case, involving proceedings under section 77B, of the Bankruptcy Act, 11 U.S.C.A. § 207, the Supreme Court held that a petitioner's application to the District Court to set aside an injunction restraining creditors presented a proceeding and not a controversy in bankruptcy, and hence was appealable only by leave of the appellate court. The ground of the Supreme Court's decision, however, was that the relief from the restraining order which petitioner sought was but incidental to the relief it sought in having a petition for reorganization set aside on the ground of lack of good faith and jurisdiction after once approved as filed in good faith by the District Court. The Supreme Court held that, as the petition to have the petition for reorganization set aside was a proceeding in bankruptcy, the application to have the injunction set aside, being incidental, "related only to the due administration of the pending proceeding and so was a 'proceeding' in bankruptcy."

The instant case is distinguishable, for here the bondholder's committee by its answer to the order to show cause challenged the jurisdiction of the bankruptcy court to administer the property in question while the finance company contended for such jurisdiction.

But notwithstanding our determination that there is here presented a controversy in bankruptcy and not a proceeding in bankruptcy, the issue remains open upon the following question: · Is the order from which an appeal is petitioned an appealable order under section 24a of the Bankruptcy Act? We think not. That section invests the Circuit Court of Appeals with appellate jurisdiction of only such orders made in controversies in bankruptcy as would be appealable if made "in other cases." Moody & Son v. Century Savings Bank, 239 U.S. 374, 377, 36 S.Ct. 111, 112, 60 L.Ed. 336; Bank of America Nat. Trust & Savings Ass'n v. Cuccia, 9 Cir., 1937, 93 F.2d 754, 758. In "other cases" our jurisdiction is prescribed by sections 128, 129 of the Judicial Code, as amended, 28 U.S.C.A. §§ 225, 227. Section 128 authorizes our review of appeals from final decisions. The order here appealed from is not a final decision. Bank of America Nat. Trust & Savings Ass'n v. Cuccia, supra; Cole v. Rustgard, 9 Cir., 1933, 68 F.2d 316.

Section 129 provides for appeals where an injunction is (inter alia) "refused, or dissolved by an interlocutory order or decree." In the present case the order appealed from recites the issuance of restraining orders and of an order to show cause why appellee should not be enjoined. However, the decretal portion of the order goes no further than to dissolve the temporary restraining order. It is entirely silent upon the subject of injunction. Thus, while this order did purport to dissolve a temporary restraining order it did not "refuse or dissolve" an injunction, and consequently is not appealable under section 129. Pack v. Carter, 9 Cir., 1915, 223 F. 638; Pressed Steel Car Co. v. Chicago & Alton R. Co., 7 Cir., 1911, 192 F. 517, 519; Bank of America Nat. Trust & Savings Ass'n v. Cuccia, supra.

Appeal dismissed.