**ALL AMERICAN HOLDING CORPORATION, Appellant/Debtor,**

v.

**ELGIN STATE BANK, Appellee/Plaintiff.**

**No. 81–764–CIV–EPS.**

United States District Court, S. D. Florida, Miami Division.

Feb. 12, 1982.

---

Neil J. Berman, Miami, Fla., for appellee/plaintiff.

Francis L. Carter, Miami, Fla., for appellant/debtor.

## MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT

SPELLMAN, District Judge.

THIS is an appeal from the bankruptcy Court, the Honorable Thomas C. Britton, Bankruptcy Judge, Final Judgment dated April 16, 1981.

In this case, All American (Appellant) owned property called River Ranch, subject to a first mortgage by the Trustees of GAC Corporation (GAC), and a second mortgage by Elgin State Bank (Elgin). After default on all the mortgages, there was a foreclosure proceeding. GAC and Elgin reduced their mortgages to final judgment.

Meanwhile, All American filed a petition for Reorganization in the bankruptcy court. Over the objection of GAC, the bankruptcy court entered an automatic stay of the foreclosure proceeding. However, a bond of $60,000 dollars was posted to pay for losses incurred by GAC during the extention. Also, in the interim, River Ranch would continue to be operated by a receiver, this receiver collected cash and accounts receivable.

All American was unsuccessful in refinancing the property. The property was sold at a foreclosure sale for $1,900,000. GAC was paid in full: 1,857,828. The remainder of the proceeds about $42,000 were applied against Elgin's $220,000 mortgage.[1]

However, in addition to the sales proceeds, there were $20,000 which had been generated by operation of the property and was held by the receiver as profits, and $39,267 claimed by Elgin as losses incurred during the foreclosure and remaining in the adequate protection fund. GAC could have proceeded against these funds first before going against the foreclosure proceeds. On the other hand, Elgin had only the foreclosure proceeds to go against. Elgin asked the court to order GAC to satisfy its debt first from the adequate protection fund and the receiver's profits leaving $59,267 more for Elgin. Under the doctrine of marshaling of assets, the bankruptcy court awarded $59,267 to Elgin. 10 B.R. 71.

The Appellant appeals that judgment to this honorable court. The grounds for appeal are as follows:

1) The award of $59,267 to Elgin, when they only claimed $46,671 was clearly erroneous.

2) Bankruptcy court's decision that Elgin had a lien on the Receivership Fund was erroneous.

3) The bankruptcy court erred as a matter of law in applying the doctrine of marshaling assets to award Elgin $39,-267 against an adequate protection fund set up exclusively for the protection of GAC.

As to the first issue, All American asserts that since at trial Elgin only claimed $46,671.25 (TR at 32), and was given ten days to change the amount or bring more accurate figures to the court's attention, it should not get a windfall by the apparent antipathy of the court toward All American. This argument is not convincing. A brief examination of the trial record indicates that all stipulations to monies owed were tenative and agreed to only for the purpose of moving the case along (TR at 8). Also, the assertion that Elgin is obtaining a windfall is hard to imagine considering the $220,000 unpaid mortgage.

As to points two and three neither of these arguments are convincing. Basically, the court applied the *equitable* doctrine of marshaling of assets to the situation. This doctrine "rests upon the principle that a creditor having two funds to satisfy his debt, may not by his application of them to his demand, defeat another creditor, who may resort to only one of the funds." *Meyer v. United States*, 375 U.S. 233, 236, 84 S.Ct. 318, 320, 11 L.Ed.2d 293 (1963); *United States v. Cohen*, 271 F.Supp. 709 (S.D.Fla.1967). As applied to this case, Elgin could compel GAC to exhaust their remedies against the two singly charged funds, and thereby leave more of the sales proceeds for Elgin.

GAC had liens against three funds 1) Sales Proceeds from the property 2) Receiver's profits (20,000) and 3) Adequate protection fund ($39,267). On the other hand, Elgin had a lien only on the sale proceeds from the property.

What the bankruptcy court did was rather than order GAC to give Elgin the $59,267 that they could have received from the other funds, GAC was allowed to retain the funds, and Elgin was awarded the money directly from the other two sources. In effect, it all comes out of the same pocket-All American.

[1]. Actually Elgin received the balance $34,571, which was after documentary stamps cost of $7,600.

As to issue two, All American asserted that the receivership fund is property of the estate within the meaning of 11 U.S.C. § 541(a)(1) and (6). Since Elgin has asserted only an equitable claim against the receivership fund, and since Elgin did not perfect a lien on the fund, it therefore waived its claim. All American cited *F.S.A.* 679.401(c) which requires that the lienor obtain a security agreement and file a financing statement with the secretary of the state in order to perfect a lien. However, perfection of a lien protects the lienor from third parties without knowledge, it does not involve the relationship of lienor and lienee. There is no doubt that GAC had a lien on the proceeds of the Receivership Fund as evidenced by their mortgage. True the lien was GAC's not Elgin's. Nevertheless, had the bankruptcy court ordered GAC to go after those funds it would have had access to them. Consequently, the referral to the lien as Elgin's rather than GAC's in effect makes little difference. This is especially true in light of the fact that the doctrine of marshaling of assets is founded in equity.

In *Meyer*, the Court stated:

In considering the relevance of the doctrine here it is well to remember that marshaling is not bottomed on the law of contract or liens. It is founded instead in equity being designed to promote fair dealing and justice. Its purpose is to prevent arbitrary action of a senior lienor from destroying the rights of a junior lienor or a creditor having less security. It deals with the rights of all who have an interest in property involved and is applied only when it can be equitably fashioned as to all of the parties. 375 U.S. at 237, 84 S.Ct. at 321.

The final issue concerns the purported bankruptcy court's misapplication of the doctrine of marshaling of assets to the adequate protection fund set up for GAC. All American claims GAC did not have simultaneous access to all three funds, and therefore could not charge the singly charged funds. A bankruptcy court applies equitable principles, and it has been held for this reason it can apply the doctrine of marshaling of assets. *Robert Moody & Son v. Century Savings Bank*, 239 U.S. 374, 36 S.Ct. 111, 60 L.Ed. 336 (1915); *Caplinger v. Patty*, 398 F.2d 471 (8th Cir. C.A.1968). Although GAC did not option to charge this fund, the bankruptcy court could have ordered such an option.

In light of the foregoing discussion of the issues, it is the opinion of this court that the judgment of the bankruptcy court be affirmed.